Martin M. Kolbrener, J.
Defendant moves to correct the indorsement upon Ms certificate of conviction so that it shows him to be entitled to 586 days’ credit for time served both prior and subsequent to his Nassau County sentence. Defendant complains that the copy of the certificate of conviction on file *1035 with this court has not given him credit for time served. Upon his plea of guilty to the reduced charge of attempted burglary in the third degree, he was sentenced on the 6th day of December, 1963 to an indeterminate sentence in Elmira Beformatory.
The history of defendant’s confinement, both prior and subsequent to his Nassau County conviction, and as relevant to this application is as follows:
Defendant was held in Nassau County Jail fom January 5, 1962, until January 22, 1962, on present charge, 18 days. The proceedings were then dismissed after a hearing by the committing Magistrate. He was then held in Nassau County from January 22, 1962 as a parole violator and while awaiting action on the parole violation he was indicted on the same charges which had been dismissed, and arraigned on February 9, 1962. Defendant remained in custody in Nassau County under the same indictment until he was released on bail on July 5, 1962, 147 days. While awaiting the Nassau County proceedings defendant was removed and incarcerated in the City of New York on another separate charge. Subsequently and on November 14, 1963 defendant was returned to Nassau County prior to his plea of guilty and sentence on the attempted burglary charge. After sentence on December 6, 1963 he was returned to the Queens House of Detention for the additional charges pending in New York City, 28 days.
It appears from defendant’s papers that as the result of the New York City proceeding, he was detained both within the City of New York and thereafter at Matteawan State Hospital until June 3,1965, when he was released to Elmira Beformatory to serve his Nassau County sentence.
Defendant now seeks credit against Nassau County sentence for the entire time of his confinement both prior and subsequent to said date of sentence.
The provisions of section 2193 of the Penal Law, as amended, now direct that a defendant shall receive and there shall be indorsed upon his certificate of conviction credit for the period of his confinement ‘ ‘ from the date of arrest or apprehension to the date the term of imprisonment commences ’ ’. Further, the date of imprisonment commences upon the date of defendant’s “actual incarceration in a state prison * * * penitentiary * * * or * * * reception center ” (Correction Law, § 231). It should be noted that the Legislature, in its amendment to section 2193 of the Penal Law (L. 1964, ch. 361) retroactively directed that credit be extended to a defendant for time served from the date of sentence until date of actual incarceration.
*1036 To be given credit for his Nassau County sentence, it must appear that defendant was held, either physically within Nassau County or elsewhere, solely by reason of the proceeding or sentence against which the credit is claimed. (People ex rel. Coates v. Martin, 8 A D 2d 688.)
The defendant should be extended the following credit:
While awaiting Magistrate’s proceedings.......... 18 days
From the date of his arraignment to date of his admission to bail.......................... 147 days
His return from Queens County to Nassau County for the purpose of plea and sentence.............. 28 days
Total ..................................... 193 days
The additional periods of time prior and subsequent to sentence, during which defendant was confined in Nassau County as a parole violator, and in the City of New York and Matteawan State Hospital cannot be held to be included in the Nassau County proceeding and sentence, but rather were due to other charges then pending in Nassau County and in those other jurisdictions. It is therefore
ordered, that the application of defendant is granted to the extent that the Sheriff of Nassau County is directed to deliver to the correctional authority, where defendant is presently incarcerated, a corrected indorsement as required by section 2193 of the Penal Law, which shall show 193 days as the length of credited time spent by defendant in Nassau County Jail prior to sentence.